```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                            Case No. 18-00124-HWV
Anthony Hayes                                                     Chapter 13
Jennifer Rhee Hayes
        Debtors                         CERTIFICATE OF NOTICE
District/off: 0314-1           User: LyndseyPr              Page 1 of 2              Date Rcvd: Feb 26, 2018
                               Form ID: pdf002              Total Noticed: 33
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 28, 2018.
```
db/jdb         +Anthony Hayes,   Jennifer Rhee Hayes,   2961 Philadelphia Avenue,   Chambersburg, PA 17201-8967
5011453        +AAA Debt Recovery,   PO Box 129,   Monroeville, PA 15146-0129
5011456        +CBNA / The Home Depot,   PO Box 6497,   Sioux Falls, SD 57117-6497
5011457       ++CREDIT ACCEPTANCE CORPORATION,   25505 WEST 12 MILE ROAD,   SOUTHFIELD MI 48034-8316
                (address filed with court: Credit Acceptance Corporation,   25505 West 12 Mile Road,
                  Southfield, MI 48034-8316)
5011459        +CWS / Nexus,   101 Crossways Park Drive West,   Woodbury, NY 11797-2020
5026365         Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
5011455         Capital One Bank USA, NA,   PO Box 30285,   Salt Lake City, UT 84130-0285
5023964         Capital One, N.A.,   c/o Becket and Lee LLP,   PO Box 3001,   Malvern PA 19355-0701
5011461        +First Premier Bank,   3820 North Louise Avenue,   Sioux Falls, SD 57107-0145
5011462        +First Savings,   PO Box 5019,   Sioux Falls, SD 57117-5019
5011463        +Fortiva / Atlanticus,   PO Box 10555,   Atlanta, GA 30310-0555
5011464        +Franklin County Area Tax Bureau,   443 Stanley Avenue,   Chambersburg, PA 17201-3628
5011467        +KML Law Group, PC,   BNY Mellon Independence Center,   701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
5011470        +Mariner Finance,   8211 Town Center Drive,   Nottingham, MD 21236-5904
5011477        +State of Maryland / CCU,   300 West Preston Street, Suite 503,   Baltimore, MD 21201-2308
5011478        +Toyota Motor Credit Company,   240 Gibraltar Road, Suite 260,   Horsham, PA 19044-2387
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5011454         E-mail/Text: bnckohlsnotices@becket-lee.com Feb 26 2018 19:24:11    Capital One Bank / Kohl's,
                 N56 West 17000 Ridgewood Drive,   Menomonee Falls, WI 53051
5011458        +E-mail/Text: abovay@creditmanagementcompany.com Feb 26 2018 19:24:57
                 Credit Management Company,   Attn: Bankruptcy Department,   2121 Noblestown Road,
                 Pittsburgh, PA 15205-3956
5013434         E-mail/Text: mrdiscen@discover.com Feb 26 2018 19:24:08    Discover Bank,
                 Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
5011460         E-mail/Text: mrdiscen@discover.com Feb 26 2018 19:24:08    Discover Financial Services, LLC,
                 PO Box 3025,   New Albany, OH 43054-3025
5011465        +E-mail/Text: cio.bncmail@irs.gov Feb 26 2018 19:24:18    Internal Revenue Service,
                 Centralized Insolvency Operation,   PO Box 7346,   Philadelphia, PA 19101-7346
5011466        +E-mail/Text: bnc-quantum@quantum3group.com Feb 26 2018 19:24:31
                 JH Portfolio Debt Equities, LLC,   PO Box 788,   Kirkland, WA 98083-0788
5011468        +E-mail/Text: ebn@ltdfin.com Feb 26 2018 19:24:28    LTD Financial Services,
                 7322 Southwest Freeway, Suite 1,   Houston, TX 77074-2010
5011469        +E-mail/PDF: resurgentbknotifications@resurgent.com Feb 26 2018 19:28:05    LVNV Funding, LLC,
                 PO Box 10497,   Greenville, SC 29603-0497
5011471        +E-mail/Text: bkr@cardworks.com Feb 26 2018 19:24:06    Merrick Bank,   PO Box 9201,
                 Old Bethpage, NY 11804-9001
5015347        +E-mail/Text: bankruptcydpt@mcmcg.com Feb 26 2018 19:24:43    Midland Funding, LLC,
                 Midland Credit Management, Inc. as agent,   Midland Funding, LLC,   PO Box 2011,
                 Warren, MI 48090-2011
5011472        +E-mail/Text: bankruptcydpt@mcmcg.com Feb 26 2018 19:24:43    Midland Funding, LLC,
                 2365 Northside Drive, Suite 30,   San Diego, CA 92108-2709
5011473         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 26 2018 19:24:37    PA Department of Revenue,
                 Attn: Bankruptcy Division,   PO Box 280496,   Harrisburg, PA 17128-0946
5011476         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2018 19:49:19
                 Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541-1067
5011663        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2018 19:33:52
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5011474        +E-mail/Text: bankruptcy@loanpacific.com Feb 26 2018 19:25:12    Pacific Union Financial,
                 1603 LBJ Freeway, Suite 500,   Farmers Branch, TX 75234-6071
5011475        +E-mail/Text: bankruptcy@patriotfcu.org Feb 26 2018 19:24:49    Patriot Federal Credit Union,
                 800 Wayne Avenue,   PO Box 778,   Chambersburg, PA 17201-0778
5016047        +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 26 2018 19:24:37
                 Pennsylvania Department of Revenue,   Bankruptcy Division PO BOX 280946,
                 Harrisburg, PA 17128-0946
                                                                                              TOTAL: 17
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           ++CREDIT ACCEPTANCE CORPORATION,   25505 WEST 12 MILE ROAD,   SOUTHFIELD MI 48034-8316
                (address filed with court: Credit Acceptance Corporation,   25505 West 12 Mile Road,
                  Southfield, MI  48034)
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Case 1:18-bk-00124-HWV    Doc 28    Filed 02/28/18    Entered 03/01/18 00:55:21    Desc
                          Imaged Certificate of Notice    Page 1 of 12

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2018                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 26, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          James   Warmbrodt    on behalf of Creditor   Pacific Union Financial, LLC bkgroup@kmllawgroup.com
          Paul Donald Murphy-Ahles    on behalf of Debtor 2 Jennifer Rhee Hayes pmurphy@dplglaw.com,
           kgreene@dplglaw.com
          Paul Donald Murphy-Ahles    on behalf of Debtor 1 Anthony  Hayes pmurphy@dplglaw.com,
           kgreene@dplglaw.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
          William E. Craig    on behalf of Creditor   Credit Acceptance Corporation ecfmail@mortoncraig.com,
           mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                              TOTAL: 6
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| ANTHONY HAYES and JENNIFER RHEE HAYES | CASE NO. 18- |
| | _x_ ORIGINAL PLAN<br>___ AMENDED PLAN (indicate 1st, 2nd 3rd, etc.)<br>___ number of Motions to Avoid Liens<br>___ number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | x Not Included |
|---|---|---|---|
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | x Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | x Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments from Future Income**

    1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly Plan

payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $27,000.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2018 | 01/2023 | $450.00 | $0.00 | $450.00 | $27,000.00 |
| | | | | Total Payments: | $27,000.00 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
□ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
x Debtor is over median income. Debtor calculates that a minimum of $5,055.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

    CHECK ONE:
    x No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*
    □ Certain assets will be liquidated as follows: _____

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does

not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS**

  A. **Pre-Confirmation Distributions** *Check One of the Following Lines*

  x None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
  ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

  1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

  2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

  B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One of the Following Lines*

  ☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
  x Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

Case 1:18-bk-00124-HWV    Doc 28    Filed 02/28/18    Entered 03/01/18 00:55:21    Desc
Imaged Certificate of Notice    Page 5 of 12

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pacific Union Financial | 2961 Philadelphia Avenue Chambersburg, PA 17201 | 8180 |
| Toyota Motor Credit Company | 2010 Toyota Corolla | 0001 |

    C. **Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One of the Following Lines*

        x None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*

The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed Proof of Claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Pacific Union Financial | 2961 Philadelphia Avenue Chambersburg, PA 17201 | $13,000.00 | $0.00 | $13,000.00 |
| Toyota Motor Credit Company | 2010 Toyota Corolla | $2,000.00 | $0.00 | $2,000.00 |

    D. **Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One of the Following Lines*

        x None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

    1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the Plan.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. In an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Secured Claims for Which a §506 Valuation is Applicable** *Check One of the Following Lines*

x None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*
☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until entry of discharge. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral** *Check One of the Following Lines*

☐ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*
x The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed

unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Credit Acceptance Corporation | 2010 Chevrolet Equinox |

    G. **Lien Avoidance** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

    x None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
    ☐ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| | | |
|---|---|---|
| The Name of the Holder of the Lien | | |
| A Description of the Lien. For a Judicial Lien, include Court and Docket Number. | | |
| A Description of the Liened Property | | |
| The Value of the Liened Property | | |
| The Sum of Senior Liens | | |
| The Value of Any Exemption Claimed | | |
| The Amount of the Lien | | |
| The Amount of Lien Avoided | | |

3. **PRIORITY CLAIMS**

    A. **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*
            a. In addition to the retainer of $340.00 already paid by the Debtor, the amount of $3,660.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
            b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One of the Following Lines*

x None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
□ The following administrative claims will be paid in full:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

B. **Priority Claims (Including, but not limited to, Domestic Support Obligations Other than those Treated in §3.C below)** *Check One of the Following Lines*

None. *If "None" is checked, the rest of §3.B need not be completed or reproduced.*
x Allowed unsecured claims, including domestic support obligations, entitled to priority under §1322(a) will be paid in full unless modified under §9.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| Internal Revenue Service | $4,000.00 |
| PA Department of Revenue | $1,500.00 |
| Franklin County Area Tax Bureau | $1,000.00 |

C. **Domestic Support Obligations Assigned To or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)** Check *One of the Following Lines*

x None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
□ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

4. **UNSECURED CLAIM**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified**</u> *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*
   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interested at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining Allowed Unsecured Claims will Receive a Pro-Rata Distribution of Funds Remaining After Payment of Other Classes**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One of the Following Lines*

   ☐ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*
   x The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check One of the Following Lines*

   ☐ Plan Confirmation
   ☐ Entry of Discharge
   x Closing of Case

7. **DISCHARGE** *Check One of the Following Lines*

   x The Debtor will seek a discharge pursuant to §1328(a).
   ☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8. **ORDER OF DISTRUBITION**

If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the Plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate Protection payments
Level 2: Debtor's attorney's fees
Level 3: Domestic Support Obligations
Level 4: priority claims, pro rata
Level 5: secured claims, pro rata
Level 6: specifically classified unsecured claims
Level 7: timely filed general unsecured claims
Level 8: untimely filed general unsecured claims to which the Debtor has not objected

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**


Dated: <u>January 11, 2018</u>    /s/ Paul Murphy-Ahles
                                   Attorney for Debtor

                                   /s/ Anthony Hayes
                                   Debtor

/s/ Jennifer Rhee Hayes
Debtor

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.